NOT DESIGNATED FOR PUBLICATION

No. 118,613

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEWIS ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 21, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

LEBEN, J.: In 2016, Lewis Anderson pleaded no contest to possession of methamphetamine, and he now appeals the 40-month sentence the district court imposed after revoking Anderson's probation. Anderson claims that the criminal-history score on which his presumptive sentence was based was incorrect.

Anderson's argument is that his 1988 juvenile conviction for attempted aggravated assault shouldn't have been counted in his criminal history at all. He argues that a statutory amendment about how long old juvenile adjudications should be considered—

an amendment that took effect after he committed the crime for which his present sentence was imposed—applies retroactively and requires the deletion of this adjudication from his criminal history.

But we have held in several earlier cases that the Legislature didn't clearly intend for the amendment to apply retroactively, so the juvenile adjudication was correctly scored. We decline Anderson's invitation that we disagree with these prior decisions of our court; we find them correctly decided.

Felony sentences are usually determined under our state's sentencing guidelines, which provide a presumptive sentence based on the extent of a defendant's past offenses (condensed into a criminal-history score ranging from A, the most serious, to I, the least serious) and the current offense. The greater the defendant's criminal-history score, the greater the presumptive sentence for the current offense.

Anderson's 40-month sentence was based in part on his A criminal-history score. That score reflected in part two juvenile adjudications for person offenses, robbery and attempted aggravated assault. At the time Anderson committed his current crime, March 2016, our sentencing statutes said that all juvenile convictions for an "offense which would constitute a person felony if committed by an adult" should be counted in the criminal-history score. See K.S.A. 2015 Supp. 21-6810(d)(3)(B).

Anderson argues that a 2016 legislative amendment, effective July 1, 2016, should have been applied to him. See K.S.A. 2016 Supp. 21-6810(d)(4)(A). If that amendment applied, the two juvenile adjudications would not be counted in his criminal-history score and his presumptive sentence would have been shorter.

But our court has considered this same argument in other cases and concluded that the 2016 amendment doesn't apply retroactively. See, e.g., *State v. Landers*, No. 116,652,

2

2018 WL 385697, at *9-10 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. ___ (August 30, 2018); *State v. Spaur*, No. 116,135, 2017 WL 6546913, at *11 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. ___ (August 30, 2018); *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *10-13 (Kan. App. 2017) (unpublished opinion); *State v. Villa*, No. 115,595, 2017 WL 3207087, at *2-5 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. ___ (July 19, 2018); *Parker v. State*, No. 115,267, 2017 WL 947821, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. ___ (July 19, 2018); *State v. Anhorn*, No. 116,655, 2017 WL 4848183, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. ___ (June 25, 2018). Two members of the present panel explained our reasoning for this conclusion in *Martinez,* and the third panel member reached the same result in *Landers* and agreed with *Martinez* in *Anhorn*.

To summarize what's more fully explained in *Martinez*, a statutory change that affects the time a defendant spends in prison is a substantive change, and we do not interpret substantive changes to criminal-penalty statutes to apply retroactively without some clear legislative indication that's the intended result. We have carefully considered in *Martinez* and the other cases whether such a clear indication exists for the 2016 amendment; we did not find any clear indication that the Kansas Legislature intended the substantive changes made in these amendments to apply retroactively.

In a reply brief, filed after the State's brief noted the *Martinez* and *Villa* decisions, Anderson contended that *Martinez* and *Villa* had been wrongly decided. We disagree and conclude that our position is already fully explained in the cases cited in this opinion. We adhere to the ruling made in each of them that the 2016 amendment Anderson cites doesn't apply retroactively to the sentencing of a crime committed before the amendment's effective date, July 1, 2016.

We affirm the district court's judgment.

3